**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-2045**

_____

CHARLES BLAISE MVOGO-ENAMA; KELMA RIBEIRO
ENAMA; EDGARD LIONEL ETOUNDI-NGONO; FLAVIA M.
ETOUNDI-NGONO; FLORIAN GAEL ETOUNDI-NGONO,

                                                    Petitioners,

          versus

ALBERTO R. GONZALES, Attorney General,

                                                    Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals. (A96-291-658; A96-291-659; A95-229-486; A95-229-487; A95-
229-488)

_____

Submitted:  March 25, 2005          Decided:  April 14, 2005

_____

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioners.  Peter D.
Keisler, Assistant Attorney General, Michelle Gorden, Senior
Litigation Counsel, D. Judith Keith, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles Blaise Mvogo-Enama, Edgard Lionel Etoundi-Ngono, Flavia Murielle Etoundi-Ngono, and Florian Gael Etoundi-Ngono, natives and citizens of Cameroon, and Kelma Ribeiro Enama, a native and citizen of Brazil riding on Mvogo-Enama's applications, petition for review of the Board of Immigration Appeals' order affirming the immigration judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture.

To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).  We have reviewed the evidence of record and conclude that Petitioners fail to show the evidence compels a contrary result.  Having failed to qualify for asylum, Petitioners cannot meet the higher standard to qualify for withholding of removal.  Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999); INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987).

We also conclude Petitioners failed to prove they are entitled to protection under the Convention Against Torture by establishing it is more likely than not they will be subjected to torture upon their return to Cameroon.  Based on our review of the record, we find that substantial evidence supports the Board's

finding that Petitioners failed to sustain their burden of proof. See 8 C.F.R. § 1208.16(c)(2)(2004).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED